

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*  *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

October 21, 2005

<u>Sent via Federal Express</u>

Mr. Melvin Norris, Esq.
260 Boston Post Road
Wayland, MA  01778

    Re:  <u>United States v. Florentino Ruidiaz, Jr.</u>
         <u>Criminal No. 1:05-CR-10214-MLW (D. Mass.)</u>

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1© and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case.  Enclosed you will find documents Bates-stamp numbered 0001-0098 and one audio tape labeled "copy - 126 French St. Brockton #05008637", as described below:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A), (B)</u>

    a.   <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendant Florentino Ruidiaz, Jr., in the possession, custody or control of the government, the existence of which is known to the attorney for the government.  This consists of a two-page letter dated August 30, 2005, that your client wrote to his state Probation Officer.

    Please also be advised that the Government is in possession of the case file from the Superior Court Probation Department, Plymouth Division, and that this file also contains written statements made by your client with respect that department's

ongoing supervision of your client.  With the exception of the enclosed letter dated August 30, 2005, it is not apparent at this time whether any of the statements in this file are "relevant" within the meaning of Rule 16, Fed.R.Crim.P., and Local Rule 116.1(C)(1)(a).  Out of an excess of caution, however, we will make this file available to you for an in-person review by you.  Because this file contains certain confidential information (*e.g.*, discussions of communications between the Probation Department and the victims of your client's state criminal offenses involving Armed Robbery and Larceny from a Person), we ask that you first execute a protective order limiting disclosure of this file to you and your investigator.  Should you wish to review this file, please contact me to discuss this further.

    b.    <u>Recorded Statements</u>

There are no relevant recorded statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The government is providing you with copies of the arrest reports from the Brockton Police Department and the ATF, both of which include statements made by the defendant.  Other than the statements included in these reports, the government is unaware of any other oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(D)</u>

Enclosed is a copy of the defendant's prior criminal record, as well as certified copies of the court files pertaining to the defendant's convictions that provide the basis for your client being considered an Armed Career Criminal.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(E)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense

or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.  It is my understanding that you have made arrangements to inspect, and have in fact already inspected, the gun and ammunition that are the subject of the indictment in this matter.

Enclosed with this letter you will find an audio tape containing a copy of the 911 call to the Brockton Police Department and dispatch transmissions; documents pertaining to the Brockton Police Department CAD system; Brockton Police Department reports; ATF reports; Massachusetts State Police reports; and the materials referenced in Section A.1.d of this letter

Additionally, although these documents are not materials covered by Rule 16(a)(1)(E), enclosed you will find copies of the grand jury transcript of SA Sheila O'Hara, as well as SA O'Hara's opening investigation report.

We are still trying to determine whether there are any FIO reports in the proximate area and at the proximate time of the defendant's arrest, and will, upon receipt, produce any such reports to you.

You should be aware that the officers have indicated that the area surrounding 126 French Avenue in Brockton is a high crime area, and the government is in possession of documentary evidence to establish this.  This evidence is available for your inspection upon request.

4.   Reports of Examinations and Tests under Rule 16 (a)(1)(F)

Enclosed in the Bates-numbered documents are copies of the reports of examinations and tests I have received to date, including the Massachusetts State Police Certification of Examination and Test Firing for .357 Magnum Rossi revolver and ATF trace information pertaining to that firearm.

Upon your request and agreement to provide reciprocal discovery pursuant to Local Rule 116.5(A)(2), I will provide you with additional discovery concerning expert witnesses (pertaining to the firearm and ammunition) pursuant to Rule 16(a)(1)(G), Fed.R.Crim.P.

B.  <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

    A frisk search of your client was executed, which led to the recovery of the gun and ammunition giving rise to the indictment in this matter (and resulting in your client's arrest). The reports of the incident are referenced above.

C.  <u>Electronic Surveillance under Local Rule 116.1(C)(1)©</u>

    No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.  <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

    There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, involving the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence. As previously indicated in Section A.3 above, we are enclosing a copy of the 911 call received by the Brockton Police Department, as well as the subsequent radio transmissions.

E.  <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

    There is no conspiracy count charged in the indictment.

F.  <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

    The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

    With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

    1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment. <u>See</u> Local Rule 116.2(B)(1)(a).

   2.   The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.  See Local Rule 116.2(B)(1)(b).

   3.   No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.  See Local Rule 116.2(B)(1)©.

   4.   The government is unaware that any of its named case-in-chief witnesses have a criminal record.  See Local Rule 116.2(B)(1)(d).

   5.   The government is unaware that any of its named case-in-chief witnesses have any criminal cases pending.  See Local Rule 116.2(B)(1)(e).

   6.   No identification procedure was used in this case.  See Local Rule 116.2(b)(1)(f).

H.   Other Matters

   The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

   The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

   The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi as to the events charged in the indictment that you have already received.

5

    Please call the undersigned Assistant U.S. Attorney at 617-748-3603 if you have any questions or believe that anything has been omitted.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                By:
                            <u>  /s/ James E. Arnold  </u>
                            JAMES E. ARNOLD
                            Assistant U.S. Attorney

Enclosures

cc:   Clerk to the Honorable Magistrate Judge Judith G. Dein
      (w/o enclosures)