UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  05-10214-MLW |
| | ) | |
| | ) | |
| FLORENTINO RUIDIAZ, JR., | ) | |
| | ) | |
| Defendant | ) | |

JOINT STATUS MEMORANDUM RE:  FINAL STATUS CONFERENCE

Pursuant to the Court's Order dated December 15, 2005, the United States of America

and Defendant, Florentino Ruidiaz, Jr., by their undersigned counsel, respectfully submit the

following status report regarding the above-captioned matter:

A.    **Local Rule 116.5(C)(1)**

*Whether there are outstanding discovery issues not yet presented or resolved by the Court*

At this time, the parties are unaware of any outstanding discovery issues requiring

resolution.  Defense counsel has not yet had an opportunity to meet with his client to review the

discovery that has been made available and therefore requests an additional thirty days to do so

prior to setting a final status conference.

B.    **Local Rule 116.5(C)(2)**

*Whether a party anticipates providing additional discovery as a result of its future receipt of information, documents, or reports of examinations or tests*

The Government has made discovery available to defendant and is unaware of any

discovery in its possession remaining to be produced with the exception of that required by

Local Rule 116.2(B)(2) (21-day discovery).  No expert discovery has been requested at this time.

Defendant reserves the right to request discovery concerning expert witnesses under Fed. R.

Crim. P. 16(a) if it is determined that a trial or any other hearing will be necessary where the

United States will present expert witnesses.  If expert discovery is requested, the United States

reserves the right to request reciprocal discovery.  Both the United States and Defendant

understand that they have an ongoing and continuing duty to produce discovery.

**C.**     **Local Rule 116.5(C)(3)**

   *Whether the defendant intends to raise a defense of insanity or public authority*

   The defendant has no intention of raising such a defense in this matter.

**D.**     **Local Rule 116.5(C)(4)**

   **Whether the government has requested notice of alibi by the defendant and, if so, whether the defendant has timely responded**

   The Government has requested notice of alibi.  The defendant has advised the

Government that defendant will not be raising an alibi defense in this matter.

**E.**     **Local Rule 116.5(C)(5)**

   **Whether the defendant has filed, or intends to file, any motion to sever, dismiss, or suppress, or any other motion requiring a ruling by the District Court before trial**

   Defendant reserves the right to file one or more motions requiring a ruling by the District

Court before trial.

**F.**     **Local Rule 116.5(C)(6)**

   *Whether a schedule should be set concerning any matter in the case other than trial.*

   The parties request that a schedule be set for filing motions.

**G.**      **Local Rule 116.5(C)(7)**

*Whether the parties have discussed the possibility of any early resolution of the case without trial and, if so, the results of that discussion*

Defense counsel has not yet had an opportunity to meet with his client.  As a result, the

parties agree that it remains too early to determine whether a trial will be necessary.

**H.**      **Local Rule 116.(C)(8)**

*Whether there are periods of excludable delay under the Speedy Trial Act as to which the parties agree, and what they are, and whether there are any disagreements, and what they are, to enable the Magistrate Judge to rule on periods of excludable delay at the Final Status Conference*

In its December 15, 2005, Order on Excludable Delay, the Court held that, as of

December 15, 2005, there will have been 15 days of non-excludable delay under the Speedy

Trial Act (October 24, 2005 - November 7, 2005), and that 55 days will remain under the Speedy

Trial Act in which this case must be tried.  The parties agree with this calculation.

**I.**      **Local Rule 116.5(C)(9)**

*The estimated length of trial*

If a trial is necessary, the United States estimates that it would last approximately two

days.

                                        Respectfully submitted,

FLORENTINO RUIDIAZ, JR.                 MICHAEL J. SULLIVAN
                                        United States Attorney

By his attorney,

                                  By:    /s/ James E. Arnold
                                        James E. Arnold
 /s/ Melvin Norris                      Assistant U.S. Attorney
Melvin Norris, Esq.                     One Courthouse Way
260 Boston Post Road                    Suite 9200
Wayland, MA  01778                      Boston, MA 02210
(508) 358-3305                          (617) 748-3603

                                        Date: January 17, 2006

3