UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) ) | CRIMINAL NO. 05-10214-MLW |
| **FLORENTINO RUIDIAZ, JR.,** | ) ) ) | |
| Defendant | ) | |

### JOINT STATUS MEMORANDUM RE:  FINAL STATUS CONFERENCE

Pursuant to the Court's Order dated February 16, 2006, the United States of America and Defendant, Florentino Ruidiaz, Jr., by their undersigned counsel, respectfully submit the following status report regarding the above-captioned matter:

**A.**   **Local Rule 116.5(C)(1)**

*Whether there are outstanding discovery issues not yet presented or resolved by the Court*

At this time, the parties are unaware of any outstanding discovery issues requiring resolution.

**B.**   **Local Rule 116.5(C)(2)**

*Whether a party anticipates providing additional discovery as a result of its future receipt of information, documents, or reports of examinations or tests*

The Government has made discovery available to defendant and is unaware of any discovery in its possession remaining to be made available and/or produced with the exception of that required by Local Rule 116.2(B)(2) (21-day discovery).  No expert discovery has been requested at this time.  Defendant reserves the right to request discovery concerning expert witnesses under Fed. R. Crim. P. 16(a) if it is determined that a trial or any other hearing will be

necessary where the United States will present expert witnesses. If expert discovery is requested, the United States reserves the right to request reciprocal discovery. Both the United States and Defendant understand that they have an ongoing and continuing duty to produce discovery.

**C.      Local Rule 116.5(C)(3)**

*Whether the defendant intends to raise a defense of insanity or public authority*

The defendant has no intention of raising such a defense in this matter.

**D.      Local Rule 116.5(C)(4)**

**Whether the government has requested notice of alibi by the defendant and, if so, whether the defendant has timely responded**

The Government has requested notice of alibi. The defendant has advised the Government that defendant will not be raising an alibi defense in this matter.

**E.      Local Rule 116.5(C)(5)**

**Whether the defendant has filed, or intends to file, any motion to sever, dismiss, or suppress, or any other motion requiring a ruling by the District Court before trial**

Defendant reserves the right to file one or more motions requiring a ruling by the District Court before trial.

**F.      Local Rule 116.5(C)(6)**

*Whether a schedule should be set concerning any matter in the case other than trial.*

In its January 19, 2006, Interim Status Report, the Court stated that it would set a time for filing dispositive motions at the next status conference. The parties believe that a schedule should be set for filing any such motions, but request that any such schedule take into account Defendant's pending motion for a pre-plea presentence report.

G.  **Local Rule 116.5(C)(7)**

*Whether the parties have discussed the possibility of any early resolution of the case without trial and, if so, the results of that discussion*

On March 2, 2006, defendant filed a motion for a pre-plea presentence report. Until this matter is addressed and resolved, the parties agree that it remains too early to determine whether a trial will be necessary.

H.  **Local Rule 116.(C)(8)**

*Whether there are periods of excludable delay under the Speedy Trial Act as to which the parties agree, and what they are, and whether there are any disagreements, and what they are, to enable the Magistrate Judge to rule on periods of excludable delay at the Final Status Conference*

In its January 19, 2006, Order on Excludable Delay, the Court held that, as of that date, there will have been 15 days of non-excludable delay under the Speedy Trial Act (October 24, 2005 - November 7, 2005), and that 55 days will remain under the Speedy Trial Act in which this case must be tried. The parties concur with that calculation.

The January 19, 2006, Order on Excludable Delay designated the time period between January 19, 2006, through February 15, 2006, to be a period of excludable delay. On February 16, 2006, this Court issued a Further Order on Excludable Time designating the time period from February 15, 2006, through March 7, 2006, to be a period of excludable delay. Accordingly, the Court's determination that there have been 15 days of non-excludable delay and that 55 days remain under the Speedy Trial Act in which this case must be tried remains intact.

**I.      Local Rule 116.5(C)(9)**

*The estimated length of trial*

If a trial is necessary, the United States estimates that it would last approximately two days.

                              Respectfully submitted,

FLORENTINO RUIDIAZ, JR.　　　　　　MICHAEL J. SULLIVAN
　　　　　　　　　　　　　　　　　　United States Attorney

By his attorney,

　　　　　　　　　　　　　　By:　　/s/ James E. Arnold
　　　　　　　　　　　　　　　　　James E. Arnold
 /s/ Melvin Norris　　　　　　　　Assistant U.S. Attorney
Melvin Norris, Esq.　　　　　　　　One Courthouse Way
260 Boston Post Road　　　　　　　Suite 9200
Wayland, MA  01778　　　　　　　　Boston, MA 02210
(508) 358-3305　　　　　　　　　　(617) 748-3603

　　　　　　　　　　　　　　　　　Date: March 6, 2006