**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO.  05-10214-MLW** |
| | ) | |
| | ) | |
| **FLORENTINO RUIDIAZ, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' SUBMISSION ON THE AUTHORITY OF BROCKTON POLICE OFFICERS TO ISSUE TICKETS FOR PARKING VIOLATIONS

The United States of America, by its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant United States Attorney James E. Arnold, hereby submits the following information concerning the authority of Brockton police officers to issue tickets for parking violations:

1.      The Commonwealth of Massachusetts granted police officers the legal authority to issue parking tickets pursuant to Mass. Gen. Law Ann. Ch. 90, § 20A.  (A copy of Mass. Gen. Law Ann. Ch. 90, § 20A is attached as Exhibit A).  Section 20A provides in pertinent part as follows:

> It shall be the duty of any police officer, except in cities and towns subject to the provisions of section twenty A 1/2, who takes cognizance of a violation of any provision of any rule, regulation, order, ordinance or by-law regulating the parking of motor vehicles established by any city or town, forthwith to give to the offender a notice to appear before the parking clerk of the city or town wherein the violation occurred at any time during regular office hours, not later than twenty-one days after the time of said violation.

On December 17, 1981, the City of Brockton accepted section 20A.  (See Exhibit B).  This provision and attendant grant of legal authority is therefore applicable to police officers in the City of Brockton.

2.      Mass. Gen. Law Ann. Ch. 90, § 20A, is located within the general chapter of the Massachusetts General Laws governing operation of motor vehicles.[1]  Also located within Chapter 90 are provisions concerning other usages of motor vehicles, including, inter alia, seatbelt usage (Mass. Gen. Law Ann. Ch. 90, § 13A), stopping and use of turn signals (Mass. Gen. Law Ann. Ch. 90, § 14B), and speed limits (Mass. Gen. Law Ann. Ch. 90, § 17).  (Copies of these provisions can be found at Exhibit C.)

3.      Section 5.5-2 of the Revised Ordinances of the City of Brockton provides that Brockton police officers are in all instances authorized to enforce municipal ordinances involving noncriminal dispositions.  (A copy of this section is attached as Exhibit D).  Specifically, this section provides in pertinent part:

> [I]t is the intention of this provision that the following ordinances and sections of ordinances are to be included within the scope of this subsection, that the specific penalties as listed here shall apply in such cases and that in addition **to police officers, who shall in all cases be considered enforcing persons for the purpose of this provision** . . .

Id. (emphasis added).

4.      Chapter 12 of the Revised Ordinances of the City of Brockton has various provisions concerning the operation of a motor vehicle.  See generally Revised Ordinances of the City of Brockton, Chapter 12, Article III (a copy of which is attached as Exhibit E).

5.      Chapter 12 of the Revised Ordinances of the City of Brockton also contains the provisions concerning stopping, standing, and parking generally of motor vehicles.  See

---

[1]  This is similar to both United States v. Copeland, 321 F.3d 582, 594 (6th Cir. 2003) involving the Michigan Vehicle Code and United States v. Choudhry, 461 F.3d 1097, 1101 (9th Cir. 2006) involving the California Vehicle Code.

generally Revised Ordinances of the City of Brockton, Chapter 12, Article IV (a copy of which is attached as Exhibit F).

6.      Section 12-21 of Chapter 12 of the Revised Ordinances of the City of Brockton provides that Brockton police officers are responsible for enforcing all of the provisions of Chapter 12.  In pertinent part, section 12-21 provides that "[i]t shall be the duty of officers designated by the chief of police to enforce the provisions of this chapter."  (A copy of this section is attached as Exhibit G).  Accordingly, Brockton police officers are charged with the responsibility of both enforcing the ordinances in Chapter 12, Article III, governing operations of motor vehicles, and the ordinances in Chapter 12, Article IV, governing parking of motor vehicles.

7.      Included within the parking prohibitions contained in the Revised Ordinances of the City of Brockton, Chapter 12, Article IV, is a prohibition against parking on a sidewalk (see id., sec. 12-71(b); attached at Exhibit F) and a prohibition against parking on the wrong side of a street having two-way traffic, (see Brockton Municipal Code, Chapter 12, sec. 12-71(e); attached at Exhibit F).[2]

8.      Attached as Exhibit H is a copy of a page from the citation book that was discussed by Officer Hyland and Detective Paul at the suppression hearing conducted on November 16, 2006.  Among the violations listed are "06 Parking in Wrong Direction" and "10 Parking so as to Obstruct Sidewalk."

_____

[2]  In pertinent part, sec. 12-72(e) provides that it is illegal to park a car on a two-way street "where parking is permitted *unless both wheels on the right side of the vehicle are within twelve (12) inches of the curb or edge of the roadway* . . . ."  Revised Ordinances of the City of Brockton, Chapter 12, sec. 12-72(e) (emphasis added).

3

9.     The United States notes that the First Circuit in <u>United States v. McCoy</u>, 428 F.3d 38 (1st Cir. 2005) addressed a <u>Terry</u>-stop scenario involving parking violations.  In <u>McCoy</u>, the vehicle in question was:

> parked with its front end extending out into an intersection.  The vehicle was blocking an access ramp for the disabled and had a license plate improperly displayed inside the windshield.

<u>Id.,</u> at 39.  Although the First Circuit concluded that the Boston police officers did not have reasonable suspicion to conduct a <u>Terry</u>-frisk based upon the facts in <u>McKoy</u>, <u>see</u> <u>id.</u>, at 40-41,[3/] the court upheld the validity of the initial <u>Terry</u>-stop.  <u>Id.</u>, at 39-40 ("The district court found that the two officers were justified in initially stopping McKoy because they had probable cause to believe he had committed two traffic violations.  This finding is clearly correct.").

---

[3/]  The United States discussed and distinguished this aspect of <u>McKoy</u> in its Memorandum in Opposition to the Defendant's Motion to Suppress at pages 10-12 & n.9.

4

10.     Finally, the United States notes that one of the parking violations discussed by the officers during the suppression hearing -- parking on the wrong side of the street -- is the same parking violation that was at issue in <u>Copeland</u>, 321 F.3d at 591 (vehicle was "parked on the wrong side of the road at a 45-degree angle to the curb") and in <u>United States v. Myers</u>, 102 F.3d 227, 230 (6th Cir. 1996) ("a Nissan Maxima illegally parked facing in the wrong direction on the left side (westbound side) of the street, obstructing the progress of four or five cars").

<div style="margin-left:40%">

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ James E. Arnold
JAMES E. ARNOLD
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3603

</div>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to counsel for defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF).

<div style="margin-left:40%">

 /s/ James E. Arnold
JAMES E. ARNOLD
Assistant United States Attorney

</div>

Date:  November 17, 2006.

# Exhibit A

Westlaw.

M.G.L.A. 90 § 20A

c

**Effective: July 31, 2003**

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART I. **ADMINISTRATION OF THE GOVERNMENT** (CH. 1-182)
TITLE XIV. **PUBLIC WAYS AND WORKS** (CH. 81-92B)
CHAPTER 90. **MOTOR VEHICLES AND AIRCRAFT**
MOTOR VEHICLES
➥**§ 20A. Parking regulations; violations; notice to appear; failure to appear; adjudication by mail**

In any city or town accepting the provisions of this section, each city manager in a city having a Plan D or E form of charter or the mayor with the approval of the city council or board of aldermen in any other city or the town council or board of selectmen of a town shall designate or appoint a parking clerk, who may also perform other municipal functions except police functions. The parking clerk shall be directly responsible to said city manager, mayor, town council or board of selectmen and shall supervise and coordinate the processing of parking notices in such city or town. The parking clerk shall have the authority, subject to the approval of the city manager or mayor in a city or town manager or board of selectmen in a town, to hire or designate such personnel and organize such divisions as he may deem necessary or contract, by competitive bidding, for such services subject to appropriation to carry out the provisions of this section.

It shall be the duty of any police officer, except in cities and towns subject to the provisions of section twenty A 1/2 , who takes cognizance of a violation of any provision of any rule, regulation, order, ordinance or by-law regulating the parking of motor vehicles established by any city or town, forthwith to give to the offender a notice to appear before the parking clerk of the city or town wherein the violation occurred at any time during regular office hours, not later than twenty-one days after the time of said violation.

Said notice must be made in triplicate and one copy shall be affixed securely to the motor vehicle and shall contain, but shall not be limited to, the following information: the make, color, registration number and state of issuance of said registration number of the vehicle involved, the date, time and place of the violation, the specific violation charged and, if a meter violation, the number of said meter, the name and badge number of the officer and his division, a schedule of established fines, instructions for the return of the notice and a notice which reads as follows: This notice may be returned by mail, personally or by an authorized person. A hearing may be obtained upon the written request of the registered owner. Failure to obey this notice within twenty-one days after the date of violation may result in the non-renewal of the license to drive and the certificate of registration of the registered owner.

Whenever it is not possible to deliver a copy of said notice to the offender at the time and place of the violation by affixing it to the motor vehicle, said copy shall be sent by the officer, or by his commanding officer or any person authorized by said commanding officer, in the case of a violation involving a motor vehicle registered under the laws of this commonwealth, within five days of the offense, and in the case of any motor vehicle registered under the laws of another state or country, within ten days thereof, exclusive, in either case, of Sundays and holidays, to the address of the registrant of the motor vehicle registered under the laws of this commonwealth, in the records of the registry of motor vehicles, or, in the case of a motor vehicle registered under the laws of another state or country, in the records of the official in such state or country having charge of the registration of such motor vehicle. Such notice mailed by the officer, his commanding officer, or the person so authorized, to the last address

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

M.G.L.A. 90 § 20A

of such registrant as appearing as aforesaid, shall be deemed as sufficient notice, and a certificate of the officer or person so mailing such notice that it has been mailed in accordance with this section shall be deemed prima facie evidence thereof and shall be admissible in any judicial or administrative proceeding as to the facts contained therein. At or before the completion of each tour of duty the officer shall give to his commanding officer those copies of such notice of such a violation taken cognizance of during such tour which have not already been delivered or mailed by him as aforesaid. Said commanding officer shall retain and safely preserve one of such copies and shall, at a time not later than the end of the second business day of the city or town after said delivery or mailing, deliver another of such copies to the parking clerk before whom the offender has been notified to appear. The parking clerk shall maintain a docket of all such notices to appear.

Any person notified to appear before the parking clerk, as provided herein, may appear before such parking clerk or his designee and confess the offense charged, either personally or through an agent duly authorized in writing or by mailing to such parking clerk the notice and the fine provided herein, such payment to be made only by postal note, money order or check made out to the parking clerk. If it is the first violation subject to this section committed by such person in a particular city or town in the calendar year, the parking clerk shall dismiss the charge without the payment of any fine; if it is the second, third or fourth violation so committed in such city or town in the calendar year, payment to the parking clerk of a fine of five dollars for each such violation shall operate as a final disposition of the case; and if it is the fifth or subsequent violation so committed in such city or town in the calendar year, payment to the parking clerk of a fine of ten dollars for each such violation shall operate as a final disposition of the case; provided, however, that the provisions of this sentence shall not apply to any violation subject to this section committed in any city or town wherein the city council or board of aldermen, town council, board of selectmen, or traffic commission or traffic director having authority to promulgate traffic rules shall have established by municipal rule, regulation, ordinance or by-law a schedule of fines for such violations. The schedule of fines shall be uniform for the same offense committed in the same zone or district, if any, and shall not exceed $25 if paid within 21 days, $35 if paid thereafter but before the parking clerk reports to the registrar as provided below, and $50 if paid thereafter. Notice affixed to a motor vehicle as provided in this section shall be deemed a sufficient notice, and a certificate of the officer affixing such notice that it has been affixed thereto, in accordance with this section, shall be deemed prima facie evidence thereof and shall be admissible in any judicial or administrative proceeding as to the facts contained therein. Whenever it becomes necessary to ascertain whether a person owning two or more motor vehicles is chargeable as such owner with a first, second, third, fourth, fifth or subsequent violation hereunder, such question shall, in the case of vehicles singly registered, be determined separately with respect to the particular vehicle involved in such violation and, in the case of vehicles subject to section five, with respect to the particular number plate or plates used on the vehicle involved in such violation at the time thereof.

Should any person notified to appear hereunder fail to appear and, if a fine is provided hereunder, to pay the same, or having appeared desire not to avail himself of the benefits of the procedure established by this section, the parking clerk shall forthwith schedule the matter before a person hereafter referred to as a hearing officer, said hearing officer to be the parking clerk of the city or town wherein the violation occurred or such other person or persons as the parking clerk may designate. Written notice of the date, time and place of said hearing shall be sent by first-class mail to the registered owner. Said hearing shall be informal, the rules of evidence shall not apply and the decision of the hearing officer shall be final subject to judicial review as provided by section fourteen of chapter thirty A.

If any person fails to appear in accordance with said notice, the parking clerk shall notify the registrar of motor vehicles who shall place the matter on record and, upon receipt of two or more such notices, shall not renew the license to operate a motor vehicle of the registered owner of the vehicle or the registration of said vehicle until after notice from the parking clerk that all such matters have been disposed of in accordance with law. Upon such notification to the registrar, an additional twenty dollar charge, payable to the registrar of motor vehicles, shall be assessed against the registered owner of said vehicle. It shall be the duty of the parking clerk to notify the registrar forthwith that such case has been disposed of in accordance with law, provided however, that a certified receipt of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

M.G.L.A. 90 § 20A

full and final payment from the parking clerk of the city or town in which the violation occurred shall also serve as legal notice to the registrar that said violation has been so disposed of. The notice to appear provided herein shall be printed in such form as the registrar of motor vehicles may approve. The parking clerk shall distribute such notices to the commanding officer of the police department of the city or town upon request, and shall take a receipt therefor. The registrar shall approve such other forms as he deems appropriate to implement this section, and said forms shall be printed and used by the cities and towns.

If any person shall have failed to appear in accordance with five or more said notices, notwithstanding any notification to the registrar, the parking clerk may notify the chief of police or director of traffic or parking of said city or town that the vehicle involved in said multiple violations shall be removed and stored, or otherwise immobilized by a mechanical device, at the expense of the registered owner of said vehicle until such time as the matter has been disposed of in accordance with law.

As used in this section, the words "motor vehicle" shall, so far as apt, include trailer, semi-trailer and semi-trailer unit.

The provisions of this section shall apply to violations of rules and regulations relative to the use of parking areas subject to the control of the county commissioners adjacent to or abutting county buildings, and county commissioners are hereby authorized to make said rules and regulations.

Any person notified to appear before the parking clerk, as provided herein, may without waiving his right to a hearing before the parking clerk or hearing officer as provided by this section, and also without waiving judicial review as provided by section fourteen of chapter thirty A, may challenge the validity of the parking violation notice and receive a review and disposition of the violation from the parking clerk or a hearing officer by mail. The alleged parking violator may, upon receipt of the notice to appear, send a signed statement explaining his objections to the violation notice as well as signed statements from witnesses, police officers, government officials and any other relevant parties. Photographs, diagrams, maps and other documents may also be sent with the statements. Any such statements or materials sent to the parking clerk for review shall have attached the persons' name and address as well as the ticket number and the date of the violation. The parking clerk or hearing officer shall, within twenty-one days of receipt of said material, review the material and dismiss or uphold the violation and notify, by mail, the alleged violator of the disposition of the hearing. If the outcome of the hearing is against the alleged violator, the parking clerk or hearing officer shall explain the reasons for the outcome on the notice. Such review and disposition handled by mail shall be informal, the rules of evidence shall not apply, and the decision of the parking clerk shall be final subject to any hearing provisions provided by this section or to judicial review as provided by section fourteen of chapter thirty A. Each parking violation issued shall carry a statement explaining the procedure to adjudicate the violation by mail.

Current through Ch. 340, except for chs. 324, 327, 333 and 336
of the 2006 2nd Annual Sess.

© 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit B

# THE REVISED ORDINANCES

## OF THE

## CITY OF

# BROCKTON, MASSACHUSETTS

---

CHARTER, RELATED LEGISLATION

AND

GENERAL ORDINANCES OF THE CITY

---

Published by Order of the City Council

---

MUNICIPAL CODE CORPORATION

Tallahassee, Florida          1984

## BROCKTON CODE

| G.L. Chapter | Section | Subject | Accepted |
|---|---|---|---|
| 83 | 34 | (Acts 1894, c. 324) street signs | April 12, 1897 |
| 83 | 37 | (Acts 1893, c. 462) building lines | Oct. 15, 1895 |
| 83 | 16A–16F | (Acts 1877, c. 686) unpaid sewer charge a tax lien | May 14, 1960 |
| 83 | 25, 26 | (P.S. c. 50, §§ 20—23) grading sidewalks | April 26, 1932 |
| 83 | 27 | (Acts 1897, c. 97, as amended) sewer assessments | June 16, 1938 |
| 85 | 11A | Registration of bicycles | Jan. 28, 1948 |
| 87 | 8 | (P.S. c. 54, §§ 10, 11) cutting, etc. shade trees on highways | July 21, 1883 |
| 90 | 20(6th para.) | Free license plates to former POW's | April 28, 1988 |
| 90 | 16A | Nonuniform disposition of certain pedestrian violations | Dec. 17, 1981 |
| 90 | 20A | Vehicle parking | Feb. 5, 1970 |
| 90 | 20C | Parking violations | |
| 111 | 155 | (Acts 1890, c. 74) location of privy vaults | Oct. 16, 1895 |

120.2

## TABLE OF GENERAL LAWS ACCEPTED BY CITY

| G.L. Chapter | Section | Subject | Accepted |
|---|---|---|---|
| 139 | 16 | (P.S. c. 58) animal inspection | Dec. 28, 19 |
| 136 | 2 | (Acts 1929, c. 406) Sunday sports | Dec. 27, 19 |
| 136 | 43 | Sunday bowling | July 25, 19 |
| 136 | 21–25 | (Acts 1920, c. 240) Sunday sports | Dec. 7, 19 |
| 136 | 31–33 | (Acts 1928, c. 406) Sunday sports | Dec. 27, 19 |
| 138 | 33B | Alcoholic beverage sales | July 29, 19 |
| 139 | 1–3 | (R.L. c. 101, §§ 1–5) common nuisances | April 12, 1 |
| 140 | 22A | Cooking facilities | March 25, |
| 140 | 47 | (Acts 1917, c. 23) coffee house | May 28, 19 |
| 140 | 147A | Enactment of by-laws and ordinances; disposition of proceeds from licenses or fines; county dog fund members | Jan. 29, 19 |
| 140 | 188–190 | (Acts 1885, c. 309) picnic grove | April 29, 1 |
| 143 | 3 | (P.S. c. 104, § 1) building inspections | Oct. 1, 18 |
| 143 | 3Y | (Acts 1980, c. 85) building inspectors | July 25, 19 |
| 143 | 4–12 | (Acts 1913, c. 655, §§ 2–10) building inspector | May 14, 19 |

121

# Exhibit C

Westlaw.

M.G.L.A. 90 § 13A

▷

**Effective: [See Text Amendments]**

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART I. **ADMINISTRATION OF THE GOVERNMENT** (CH. 1-182)
TITLE XIV. **PUBLIC WAYS AND WORKS** (CH. 81-92B)
CHAPTER 90. **MOTOR VEHICLES AND AIRCRAFT**
MOTOR VEHICLES
→**§ 13A. Seat belt use required; exemptions; penalty**

No person shall operate a private passenger motor vehicle or ride in a private passenger motor vehicle, a vanpool vehicle or truck under eighteen thousand pounds on any way unless such person is wearing a safety belt which is properly adjusted and fastened; provided, however, that this provision shall not apply to:

(a) any child less than twelve years of age who is subject to the provisions of section seven AA;

(b) any person riding in a motor vehicle manufactured before July first, nineteen hundred and sixty-six;

(c) any person who is physically unable to use safety belts; provided, however, that such condition is duly certified by a physician who shall state the nature of the handicap, as well as the reasons such restraint is inappropriate; provided, further, that no such physician shall be subject to liability in any civil action for the issuance or for the failure to issue such certificate;

(d) any rural carrier of the United States Postal Service operating a motor vehicle while in the performance of his duties; provided, however, that such rural mail carrier shall be subject to department regulations regarding the use of safety belts or occupant crash protection devices;

(e) anyone involved in the operation of taxis, liveries, tractors, trucks with gross weight of eighteen thousand pounds or over, buses, and passengers of authorized emergency vehicles.

Any person who operates a motor vehicle without a safety belt, and any person sixteen years of age or over who rides as a passenger in a motor vehicle without wearing a safety belt in violation of this section, shall be subject to a fine of twenty-five dollars. Any operator of a motor vehicle shall be subject to an additional fine of twenty-five dollars for each person under the age of sixteen and no younger than twelve who is a passenger in said motor vehicle and not wearing a safety belt. The provisions of this section shall be enforced by law enforcement agencies only when an operator of a motor vehicle has been stopped for a violation of the motor vehicle laws or some other offense.

Any person who receives a citation for violating this section may contest such citation pursuant to section three of chapter ninety C. A violation of this section shall not be considered as a conviction of a moving violation of the motor vehicle laws for the purpose of determining surcharges on motor vehicle premiums pursuant to section one hundred and thirteen B of chapter one hundred and seventy-five.

Current through Ch. 340, except for chs. 324, 327, 333 and 336
of the 2006 2nd Annual Sess.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

M.G.L.A. 90 § 14B

**C**

**Effective: [See Text Amendments]**

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART I. **ADMINISTRATION OF THE GOVERNMENT** (CH. 1-182)
TITLE XIV. **PUBLIC WAYS AND WORKS** (CH. 81-92B)
CHAPTER 90. **MOTOR VEHICLES AND AIRCRAFT**
MOTOR VEHICLES
→**§ 14B. Uniform stopping and turning signals on ways**

Every person operating a motor vehicle, before stopping said vehicle or making any turning movement which would affect the operation of any other vehicle, shall give a plainly visible signal by activating the brake lights or directional lights or signal as provided on said vehicle; and in the event electrical or mechanical signals are not operating or not provided on the vehicle, a plainly visible signal by means of the hand and arm shall be made. Hand and arm signals shall be made as follows:--

1. An intention to turn to the left shall be indicated by hand and arm extended horizontally.

2. An intention to turn to the right shall be indicated by hand and arm extended upward.

3. An intention to stop or decrease speed shall be indicated by hand and arm extended downward.

Whoever violates any provision of this section shall be punished by a fine of not less than twenty-five dollars for each offense.

> Current through Ch. 340, except for chs. 324, 327, 333 and 336
> of the 2006 2nd Annual Sess.

© 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

M.G.L.A. 90 § 17

▷

**Effective: November 05, 2002**

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART I. **ADMINISTRATION OF THE GOVERNMENT** (CH. 1-182)
TITLE XIV. **PUBLIC WAYS AND WORKS** (CH. 81-92B)
CHAPTER 90. **MOTOR VEHICLES AND AIRCRAFT**
MOTOR VEHICLES
→**§ 17. Speed limits**

No person operating a motor vehicle on any way shall run it at a rate of speed greater than is reasonable and proper, having regard to traffic and the use of the way and the safety of the public. Unless a way is otherwise posted in accordance with the provisions of section eighteen, it shall be prima facie evidence of a rate of speed greater than is reasonable and proper as aforesaid (1) if a motor vehicle is operated on a divided highway outside a thickly settled or business district at a rate of speed exceeding fifty miles per hour for a distance of a quarter of a mile, or (2) on any other way outside a thickly settled or business district at a rate of speed exceeding forty miles per hour for a distance of a quarter of a mile, or (3) inside a thickly settled or business district at a rate of speed exceeding thirty miles per hour for a distance of one-eighth of a mile, or (4) within a school zone which may be established by a city or town as provided in section two of chapter eighty-five at a rate of speed exceeding twenty miles per hour. Operation of a motor vehicle at a speed in excess of fifteen miles per hour within one-tenth of a mile of a vehicle used in hawking or peddling merchandise and which displays flashing amber lights shall likewise be prima facie evidence of a rate of speed greater than is reasonable and proper. If a speed limit has been duly established upon any way, in accordance with the provisions of said section, operation of a motor vehicle at a rate of speed in excess of such limit shall be prima facie evidence that such speed is greater than is reasonable and proper; but, notwithstanding such establishment of a speed limit, every person operating a motor vehicle shall decrease the speed of the same when a special hazard exists with respect to pedestrians or other traffic, or by reason of weather or highway conditions. Any person in violation of this section, while operating a motor vehicle through the parameters of a marked construction zone or construction area, at a speed which exceeds the posted limit, or at a speed that is greater than is reasonable and proper, shall be subject to a fine of 2 times the amount currently in effect for the violation issued. Except on a limited access highway, no person shall operate a school bus at a rate of speed exceeding forty miles per hour, while actually engaged in carrying school children.

Current through Ch. 340, except for chs. 324, 327, 333 and 336
of the 2006 2nd Annual Sess.

© 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit D

# THE REVISED ORDINANCES

## OF THE

## CITY OF

# BROCKTON, MASSACHUSETTS

CHARTER, RELATED LEGISLATION

AND

GENERAL ORDINANCES OF THE CITY

Published by Order of the City Council

MUNICIPAL CODE CORPORATION

Tallahassee, Florida          1984

Chapter 5.5

## ENFORCEMENT*

### Sec. 5.5-1. Criminal complaint.

Whoever violates any provision of these ordinances may be penalized by indictment or on complaint brought in the district court. Except as may be otherwise provided by law and as the district court may see fit to impose, the maximum penalty for each violation, or offense, brought in such manner, shall be three hundred dollars ($300.00).
(Ord. No. D262, 5-26-88)

### Sec. 5.5-2. Noncriminal disposition.

(a) Whoever violates any provision of these ordinances, the violation of which is subject to a specific penalty, may be penalized by a noncriminal disposition as provided in General Laws, Chapter 40, Section 21D. The noncriminal method of disposition may also be used for violations of any rule or regulation of any municipal officer, board or department which is subject to a specific penalty.

(b) Without intending to limit the generality of the foregoing, it is the intention of this provision that the following ordinances and sections of ordinances are to be included within the scope of this subsection, that the specific penalties as listed here shall apply in such cases and that in addition to police officers, who shall in all cases be considered enforcing persons for the purpose of this provision, the municipal personnel listed for each section, if any, shall also be enforcing persons for such sections. Municipal personnel designated elsewhere in these ordinances as enforcing persons shall remain such, in addition to those personnel listed below. Each day on which any violation exists shall be deemed to be a separate offense.

*Editor's note—Ordinance No. D255, adopted May 26, 1988, added Ch. 25, §§ 25-1, 25-2, to the Code. In order to maintain the alphabetical sequence of Chapters within the Code, the editor, with the consent of the city, has redesignated the substantive provisions of the ordinance as Ch. 5.5, §§ 5.5-1, 5.5-2.

515

PAGE 02/03    LAW DEPT    5085807112    11/03/2006 11:13

Exhibit E

# THE REVISED ORDINANCES

## OF THE

## CITY OF

# BROCKTON, MASSACHUSETTS

---

### CHARTER, RELATED LEGISLATION

### AND

### GENERAL ORDINANCES OF THE CITY

---

Published by Order of the City Council

---

MUNICIPAL CODE CORPORATION

Tallahassee, Florida                1984

03/31/2006  12:15   5088975369    OPERATION AUXILIARY

03/31/2006 12:16 FAX 508 580 7104    BROCKTON CITY CLERK    ☒002

§ 12-28    BROCKTON CODE

to help defray the costs of administering the rules and regulations as established by the chief of police.

The above list shall be in the possession of the desk officers at the city police station. When reports are received of a motor vehicle disabled on any street in the city, the desk officer shall call in rotation the licensed persons on the list described above.

To appear on this list described above, the persons shall agree in writing to indemnify and hold harmless the city from any claims or causes of action for any injuries or damages of any kind or nature caused by the towing of motor vehicles pursuant to this section.

(Ord. No. D302, 7-22-91)

**Secs. 12-29—12-40. Reserved.**

## ARTICLE III. GENERAL RULES OF OPERATION

**Sec. 12-41. Obedience to traffic signs, etc.**

No driver of any vehicle shall disobey the instructions of any official traffic-control signal, sign, marking, marker or legend, unless otherwise directed by a police officer.

(Code 1966, § 13-28)

**Sec. 12-42. Driving on roadways laned for traffic.**

When any roadway has been divided into lanes, a driver of a vehicle shall drive so as to be entirely within a single lane and shall not move from the lane in which he is driving until he has first ascertained if such movement can be made with safety.

(Code 1966, § 13-29)

State law reference—Similar provisions, G.L. c. 89, § 4A.

**Sec. 12-43. Driving on right side of roadway.**

(a) Upon all roadways, the driver of a vehicle shall drive in the lane nearest the right side of the roadway when such lane is available for travel except when overtaking another vehicle or when preparing for a left turn.

(b) Upon such roadways as are divided by a parkway, grass plot, reservation, viaduct, subway or by any structure or area,

Supp. No. 9    308

driver shall keep to the right of such division except when otherwise directed by an officer, signs, signals or markings.

(Code 1965, § 18-30)

State law reference—Driving on right, G.L. c. 89, §§ 4, 4B.

## Sec. 12-44. Overtaking and passing.

The driver of a vehicle shall not overtake and pass a vehicle proceeding in the same direction unless there is sufficient clear space ahead on the right side of the roadway to permit the overtaking to be completed without impeding the safe operation of any vehicle ahead.

(Code 1965, § 18-31)

State law reference—Passing vehicle traveling in same direction, G.L. c. 89, § 2.

## Sec. 12-45. Driver to give way to overtaking vehicle.

The driver of a vehicle when about to be overtaken and passed by another vehicle approaching from the rear shall give way to the right in favor of the overtaking vehicle, on suitable and audible signal being given by the driver of the overtaking vehicle, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

(Code 1965, § 13-32)

State law reference—Giving way to overtaking vehicle, G.L. c. 89, § 2.

## Sec. 12-46. Obstructing traffic unnecessarily.

No person shall drive in such a manner as to obstruct unnecessarily the normal movement of traffic upon any street or highway. Officers are authorized to require any driver who fails to

MOTOR VEHICLES AND TRAFFIC    § 12-50

comply with this section to drive to the side of the roadway and wait until such traffic as has been delayed has passed.
(Code 1965, § 13-33)

**Sec. 12-47. Obstruction of intersection or crosswalk.**

No driver shall enter an intersection or a marked crosswalk unless there is sufficient space on the other side of the intersection or crosswalk and on the right half of the roadway to accommodate the vehicle he is operating without obstructing the passage of other vehicles or pedestrians notwithstanding any traffic control signal indication to proceed.
(Code 1965, § 13-34)

**Sec. 12-48. Following too closely.**

The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the street or highway.
(Code 1965, § 13-35)

**Sec. 12-49. Distance between slow-moving vehicles.**

Upon roadways less than twenty-seven (27) feet wide and upon which vehicular traffic is permitted to operate in both directions, the driver of any slow-moving vehicle, when traveling outside of a business or residential district, shall not follow another slow-moving vehicle within two hundred (200) feet, but this shall not be construed to prevent such slow-moving vehicle from overtaking and passing another slow-moving vehicle. This section shall not apply to funerals or other lawful processions.
(Code 1965, § 13-36)

**Sec. 12-50. Care in starting, stopping, turning or backing.**

The driver of any vehicle before starting, stopping, turning from a direct line or backing shall first see that such movement can be made in safety. If the operation of another vehicle should be affected by a stopping or turning movement, the driver of such vehicle shall be given a plainly visible signal, as required by law.
(Code 1965, § 13-37)



§ 12.61     BROCKTON CODE

**Sec. 12.61. Sounding warning devices.**

The driver of a vehicle shall give audible warning with his horn or other suitable warning device whenever necessary to insure safe operation.

(Code 1965, § 13-43)

**Sec. 12.62. Driving through safety zone.**

It shall be unlawful for the driver of a vehicle, except on signal from a police officer, to drive the same over or through a safety zone.

(Code 1965, § 13-44)

**Sec. 12.63. Driving on road surfaces under construction or repair.**

No operator shall enter upon the road surface of any street or highway or section thereof, when, by reasons of construction, surface treatment, maintenance or the like, or because of some unprotected hazard, such road surface is closed to travel, and one or more signs, lights or signals have been erected to indicate that all or part of the road surface of the street or highway is not to be used, or when so advised by an officer, watchman, member of a street or highway crew or employee of the city, either audibly or by signals.

(Code 1965, § 13-46)

**Sec. 12.64. Driving on sidewalks.**

The driver of a vehicle shall not drive, wheel or draw upon any sidewalk except at a permanent or temporary driveway. This section shall not apply to a child's carriage pushed or drawn by hand.

(Code 1965, §§ 13-47, 23-19)

**Secs. 12.65—12.70. Reserved.**

**ARTICLE IV. STOPPING, STANDING AND PARKING GENERALLY**

**Sec. 12.71. General prohibitions.**

No person shall stand or park, and no person shall allow, per-

988

Exhibit F

# THE REVISED ORDINANCES

## OF THE

## CITY OF

# BROCKTON, MASSACHUSETTS

CHARTER, RELATED LEGISLATION

AND

GENERAL ORDINANCES OF THE CITY

Published by Order of the City Council

MUNICIPAL CODE CORPORATION

Tallahassee, Florida          1984

§ 12-61                                BROCKTON CODE

**Sec. 12-51.  Sounding warning devices.**

The driver of a vehicle shall give audible warning with his horn or other suitable warning device whenever necessary to insure safe operation.
(Code 1965, § 13-42)

**Sec. 12-52.  Driving through safety zones.**

It shall be unlawful for the driver of a vehicle, except on signal from a police officer, to drive the same over or through a safety zone.
(Code 1965, § 13-44)

**Sec. 12-53.  Driving on road surfaces under construction or repair.**

No operator shall enter upon the road surface of any street or highway or section thereof, when, by reasons of construction, surface treatment, maintenance or the like, or because of some unprotected hazard, such road surface is closed to travel, until such time as all or part of the road surface of the street or highway is not to be used, or when so advised by an officer, watchman, member of a street or highway crew or employee of the city, either audibly or by signals.
(Code 1965, § 13-46)

**Sec. 12-54.  Driving on sidewalks.**

The driver of a vehicle shall not drive, wheel or draw upon any sidewalk except at a permanent or temporary driveway. This section shall not apply to a child's carriage pushed or drawn by hand.
(Code 1965, §§ 13-47, 23-10)

**Secs. 12-55—12-70.  Reserved.**

# ARTICLE IV. STOPPING, STANDING AND PARKING GENERALLY

**Sec. 12-71.  General prohibitions.**

No person shall stand or park and no person shall allow, per-

988

mit or suffer any vehicle registered in his name to stand or park in any of the following places:

(a)  Within an intersection.

(b)  Upon any sidewalk.

(c)  Upon any crosswalk.

(d)  Upon the roadway in a rural or sparsely settled district.

(e)  Upon a roadway where parking is permitted unless both wheels on the right side of the vehicle are within twelve (12) inches of the curb or edge of the roadway, except upon those streets which are designated as one-way streets. On such one-way streets vehicles shall be parked in the direction in which the vehicle is moving and with both wheels within twelve (12) inches of the curb. This shall not apply to streets or parts of streets where angle parking is required by this chapter.

(f)  Upon any roadway where the parking of a vehicle will not leave a clear and unobstructed lane at least ten (10) feet wide for passing traffic.

(g)  Upon any street or highway within ten (10) feet of a fire hydrant.

(h)  Upon or in front of any private road, driveway or walk.

(i)  Upon any street or highway within twenty (20) feet of an intersecting way, except alleys.

(Code 1965, § 13-46)

**Sec. 12-72.  Temporary parking prohibitions.**

The chief of police is authorized to prohibit, temporarily, parking on any street or highway or part thereof in an impending or existing emergency, or for a lawful assemblage, demonstration or procession; provided, there is reasonable justification for such prohibition. Vehicles parked in places where parking is prohibited temporarily may be moved by or under the direction of any officer.

(Code 1965, § 13.46)

§ 12-73   BROCKTON CODE

**Sec. 12-73.  Parking vehicles for sale prohibited.**

It shall be unlawful for any person to park upon a street or highway any vehicle displayed for sale.

(Code 1965, § 13-69)

**Sec. 12-74.  Reserved.**

**Sec. 12-75.  Parking vehicles in fire lanes.**

(a) It shall be unlawful to obstruct or block a private way with a vehicle or other means within areas designated and posted as fire lanes, or to leave a vehicle unattended within areas so designated and posted.

(b) The traffic commission is authorized to enact rules and regulations governing the designation and posting of fire lanes within or upon private ways and for the removal of vehicles or other objects left unattended, obstructing or blocking fire lanes no designated and posted.

(c) The penalty for violations of this section or of the rules and regulations of the traffic commission adopted pursuant to this section, shall be one hundred dollars ($100.00) for each such offense. Each day or portion of a day that any violation is allowed to continue shall constitute a separate offense. (Code 1965, § 6-8; Ord. No. D229, 1-16-87; Ord. No. D349, 8-30-94)

**Sec. 12-76.  Parking for the handicapped.**

(a) *License plates required.* It is unlawful for any person to park or leave standing any vehicle in a stall or space designated for physically handicapped persons, if said stall or space is posted or marked in a prescribed way, unless said vehicle displays distinguishing license plates issued for handicapped persons, including disabled veterans.

(b) *Property owner to provide spaces; number.* Any person or body that has lawful control of a public or private way or of improved or enclosed property used as off-street parking areas for businesses, shopping malls, theaters, auditoriums, sporting or recreational facilities, cultural centers, residential dwellings, or for any other place where the public has the right of access as

Supp. No. 12    990

Exhibit G

CHAPTER 12 MOTOR VEHICLES + TRAFFIC

§ 12.21    BROCKTON CODE

## ARTICLE II. ADMINISTRATION AND ENFORCEMENT

**Sec. 12-21.  Police to direct traffic; direction in event of fire or emergency.**

It shall be the duty of officers designated by the chief of police to enforce the provisions of this chapter. Such officers are hereby authorized to direct all traffic either in person or by means of visible or audible signals in conformance with the provisions of this chapter; provided, that in the event of a fire or other emergency to expedite traffic or safeguard pedestrians, officers of the police or fire departments may direct traffic, as conditions may require, notwithstanding the provisions of this chapter.
(Code 1965, § 13-2)

**Sec. 12-22.  Erection of signs, signals, etc.; compliance with state standards.**

The highway division of the department of public works is authorized and as to those signs and signals required by the traffic commission, it shall be their duty to place and maintain or cause to be placed and maintained all official traffic signs, signals, markings and safety zones. All signs, signals, markings and safety zones shall conform to the standards as prescribed by the department of public works of the Commonwealth.
(Code 1970, § 13-22)
State law reference—Erection and maintenance of signs, signals, etc., G.L. c. 85, § 9.

**Sec. 12-23.  Record of operators involved in accidents.**

The police shall keep a record of all operators involved in accidents within the city.
(Code 1965, § 13-9)

**Sec. 12-24.  Chief to make annual report of accidents.**

(a) The chief of police shall make an annual report to the mayor and the city council concerning the traffic accident situation in the city, accompanied by his recommendations.

984

# Exhibit H

F R O M

F R O M

Place
Stamp
Here
Post Office
will not deliver
without stamp

# NOTICE

**TO OFFENDER:**

This notice may be returned by mail, personally, or by an authorized person. A hearing may be obtained upon the written request of the registered owner or may be disputed by mail if submitted with supporting documentation within 21 days. Failure to obey this notice within 21 days after the license or registration certificate. Written request for hearing must be sent to: Parking Clerk, City Hall Annex, 50 Maple Avenue, Brockton, MA 02301.
(G.L. Chap. 90, Sec. 20A, 20-C, 20-D, 20-E as amended).

 **BROCKTON**

**City of Brockton**
**Brockton Police Dept.**
**7 Commercial Street**
**Brockton, MA 02302**

## VIOLATION 2-500083

**BROCKTON**

REGISTRATION

STATE    MA    OTHER

VIN.

VEHICLE MAKE

VEHICLE COLOR    GREEN  RED  OTHER

PLATE COLOR    WHITE  BLUE

PLATE TYPE    PASS.  COMM.  OTHER

MONTH  DAY  YEAR    A.M.  TO  A.M.
                    P.M.      P.M.

LOCATION    METER NO.

OFFICER    BADGE NO.

**I HAVE AFFIXED THIS NOTICE TO VEHICLE**

### CITY OF BROCKTON 03

| | | | |
|---|---|---|---|
| 01 Meter Violation - Over Time | $10.00 | 13 Parking Within a Taxi Stand | $10.00 |
| 02 Improper Use of Space | $10.00 | 14 Parking in Restricted Area | $20.00 |
| 03 Parking Over 1 Ft. from Curb | $10.00 | 15 Parking Within 20' of Intersecting Way | $15.00 |
| 04 Parking, Leaving Less than a 10' Wide Unobstructed Lane | $15.00 | 16 Overtime Parking | $10.00 |
| 05 Parking Within 10' of Hydrant | $25.00 | 17 Parking in Restricted Area During Winter Parking Ban | $15.00 |
| 06 Parking In Wrong Direction | $15.00 | 18 Parking in First Fire District During Restricted Periods | $15.00 |
| 07 Parking Within an Intersection | $15.00 | 19 Violation of Parking Rules Plymouth County Facility | $15.00 |
| 08 All Night Parking Heavy Commercial Vehicle | $15.00 | 20 HP Parking Area | $100.00 |
| 09 Parking so as to Obstruct Crosswalk | $15.00 | 23 Parking Within Fire Lane | $100.00 |
| 10 Parking so as to Obstruct Sidewalk | $15.00 | 25 Vehicle Towed | $ |
| 11 Parking so as to Obstruct Driveway | $15.00 | 28 Other | |
| 12 Parking Within a Bus Stop | $10.00 | 29 Placing Snow Upon A Public Way | $50.00 |