UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) ) | CRIMINAL NO. 05-10214-MLW |
| **FLORENTINO RUIDIAZ, JR.,** | ) ) ) | |
| **Defendant** | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A CONTINUANCE OF THE TRIAL DATE UNTIL JULY 2007

The United States of America, by its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant United States Attorney James E. Arnold, hereby respectfully responds in opposition to Defendant's motion to continue his trial date until July 2007:

1.  Defendant is charged with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  Because the Defendant has at least three qualifying prior state court convictions, he is, upon conviction, facing a mandatory minimum of 15 years in prison pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).

2.  The Defendant's sole basis for seeking a continuance is to obtain time to challenge in state court certain of his prior convictions that will serve as a predicate for sentencing under 18 U.S.C. § 924(e).  This is not an identified basis for seeking a continuance of trial under the Speedy Trial Act, see 18 U.S.C. § 3161, and Defendant's willingness to waive his Speedy Trial Act rights is not sufficient under the circumstances, see, e.g., Zedner v. United States, 126 S.Ct. 1976, 1985 (2006) (holding that a defendant's agreement to waive the Speedy

Trial Act is not sufficient in and of itself; the public interest's in a speedy trial must also be considered).

    3.    Granting the Defendant's motion would serve neither the ends of justice nor the best interest of the public in a speedy trial. Cf. 18 U.S.C. § 3161(h)(8)(A). The delay sought by the Defendant has nothing to do with the underlying events concerning the pending indictment, which has been pending for 16 months. At this point, the public has an interest in seeing this case resolved expeditiously -- either by trial or by plea. This is particularly so when, as here, there is no guarantee as to how quickly any motions that may be brought by the Defendant in state court will be addressed and decided.

    4.    Denial of the Defendant's motion will not unduly prejudice the Defendant. Should the Defendant be convicted either at trial or through entry of a guilty plea, he will still have several weeks prior to being sentenced. During that time, Defendant may, if he so chooses, pursue any state court challenges he wishes to make. Even if those state court challenges are not resolved prior to sentencing by this Court, Defendant may still, under certain circumstances, be able to collaterally challenge his sentencing in this case should he be successful in vacating one or more of his prior state convictions. See generally Johnson v. United States, 544 U.S. 295 (2005); United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996).

For all of the foregoing reasons, Defendant's motion for a continuance should be denied.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

By:   /s/ James E. Arnold
        James E. Arnold
        Assistant U.S. Attorney
        One Courthouse Way
        Suite 9200
        Boston, MA 02210
        (617) 748-3603

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to counsel for defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF).

                          /s/ James E. Arnold
                          JAMES E. ARNOLD
                          Assistant United States Attorney

Date: December 22, 2006